Filed 11/20/15; pub. order 12/4/15 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re K.P. et al., Persons Coming Under the Juvenile Court Law. | D067797 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. No. NJ10159K-L) |
| Plaintiff and Respondent, | |
| v. | ORDER MODIFYING OPINION |
| MICHELLE T., | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is so ordered that the opinion filed herein on November 10, 2015, be modified as follows:

1. On page 8, footnote 6, the citation at the end of the footnote is deleted.

2. On page 8, footnote 7, the citation at the end of the footnote is deleted.

**There is no change in the judgment.**

NARES, Acting P. J.

Copies to: All parties

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re K.P. et al., Persons Coming Under the Juvenile Court Law. | D067797 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ10159K-L) |
| v. | |
| MICHELLE T., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Affirmed.

Donna Balderston Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Emily K. Harlan, Deputy County Counsel, for Plaintiff and Respondent.

Michelle T., a member of the Pala Band of Mission Indians, contends that the juvenile court violated the Indian Child Welfare Act (ICWA), title 25 United States Code section 1901 et seq. and Welfare and Institutions Code[1] section 224 et seq. by terminating her parental rights to her children, K.P. and Kristopher P., under section 366.26.

Throughout most of their dependency cases, K.P. and Kristopher were eligible for membership, or were enrolled, in the Pala Band of Mission Indians (Pala Band).  At the children's first section 366.26 hearing, the Pala Band did not consent to the children's adoption and the juvenile court ordered a plan of guardianship.  Several years later, when the children's cases proceeded to a second section 366.26 hearing, the juvenile court learned that the Pala Band of Mission Indians had disenrolled K.P. and Kristopher, and others, on the ground that they lacked the blood quantum necessary for membership.

Michelle argues that in view of a pending appeal in the United States Court of Appeals for the Ninth Circuit challenging the validity of the Pala Band's enrollment ordinance that resulted in the disenrollment of K.P. and Kristopher and the others, the juvenile court erred when it found that K.P. and Kristopher were not Indian children within the meaning of the ICWA and declined to apply ICWA's substantive and procedural protections at the children's second section 366.26 hearings.  Michelle also argues that enrollment in a tribe is not required to be considered an Indian child, and that

---

[1]      Unless otherwise indicated, further statutory references are to the Welfare and Institutions Code.

the Pala Band did not provide written confirmation that enrollment is a prerequisite for Pala Band membership.

We conclude that the juvenile court correctly ruled that the Indian tribe has the sole authority to determine its own membership and that the juvenile court must defer to the membership decisions of an Indian tribe. Under federal and state law, the Indian tribe's membership determination is conclusive. The record shows that enrollment is a prerequisite for Pala Band membership, and that the Pala Band determined that K.P. and Kristopher are not members of its tribe. Therefore, the juvenile court did not err when it determined that K.P. and Kristopher are not Indian children within the meaning of the ICWA and terminated parental rights without applying ICWA's heightened substantive and procedural protections. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Michelle T. is the mother of 10 children.[2] She is an enrolled member of the Pala Band. This appeal concerns her two youngest children, twins K.P. and Kristopher (the children), who are now seven years old. Michelle previously lost custody of her eight older children as a result of her substance abuse. Despite reunification efforts, she continued to abuse methamphetamine and other drugs. In June 2009, the San Diego County Health and Human Services Agency (the Agency) detained then nine-month-old K.P. and Kristopher in protective custody. The children were placed in the foster care home of Mr. and Mrs. G. (the G.'s).

---

2    The children's father, John P., does not appeal. He was minimally involved in the children's dependency proceedings and is referenced in this opinion only where relevant to the issues raised on appeal.

The Agency provided notice of K.P.'s and Kristopher's dependency proceedings to the Pala Band. Tribal Chairman Robert H. Smith stated that the children were eligible for enrollment. In July 2009, the Pala Band filed a formal notice of intervention with the juvenile court. At some point in time that is not clear in the record, the children were enrolled in the Pala Band.

The juvenile court terminated reunification services at the six-month review hearing and set a section 366.26 hearing. The Pala Band General Council rejected the Agency's proposed permanent plan of tribal customary adoption and instead approved a plan of guardianship for the children. At the section 366.26 hearing, the juvenile court found that termination of parental rights would substantially interfere with the children's connection to their tribal community and ordered a plan of guardianship for the children with Mr. and Mrs. G. (§ 366.26, subd. (c)(1)(B)(vi)(I).) The juvenile court terminated its jurisdiction over the children in August 2011.

During the children's dependency proceedings, Michelle's visitation with K.P. and Kristopher was inconsistent. At times she did not visit the children for extended periods of time. Approximately two years after the section 366.26 hearing, Michelle began visiting the children every month. She told Mrs. G. that she wanted to visit them every week. Michelle told the children that she was their real mother and that they should not call Mrs. G. "mom." According to Mrs. G., the children were "unsett[led]" by Michelle's visits.

In December 2013, at the G.'s request, the Agency asked the juvenile court to reinstate dependency jurisdiction and set a section 366.26 hearing. (§ 388.) The G.'s

4

wanted to have more control over the children's visitation with Michelle. The Agency recommended that the G.'s adopt the children. The Agency contacted the Pala Band to determine its position regarding the proposed change in the children's permanent plans. The Pala Band informed the Agency that K.P. and Kristopher were no longer enrolled in the tribe, and that they were not eligible for membership. The Pala Band had determined that an ancestor of the children had only half the blood quantum of Indian blood that she was previously thought to have had, and the Pala Band had disenrolled those of her descendents who no longer had the blood quantum required for membership in the tribe.

The juvenile court reinstated dependency jurisdiction and set a section 366.26 hearing. The juvenile court deferred the issue of whether the children were Indian children within the meaning of ICWA, and directed the Agency to submit official verification of their status from the tribal chairman, or a copy of the relevant tribal resolution.

At hearings throughout 2014 and early 2015, the juvenile court received more information about the Pala Band's disenrollment of K.P. and Kristopher. By the time of the section 366.26 hearing in February 2015, the juvenile court had received and reviewed the following information:

K.P. and Kristopher were previously enrolled as members of the Pala Band. The Pala Band disenrolled the children in February 2012. The children's father was not, and never had been, an enrolled member of the Pala Band. The children's mother remained an enrolled member of the tribe. Robert H. Smith, Pala Band Chairman, sent letters to the juvenile court, dated July 9, 2014 and December 17, 2014, stating that the children

5

are not enrolled members, and are not considered eligible for enrollment or reenrollment, with the Pala Band of Mission Indians.

The Pala Band adopted Articles of Association (Articles), its first governing document, in 1960. To prepare an official membership roll in accordance with the Articles, the Pala Band enacted an enrollment ordinance that delegated the responsibility of reviewing, and approving or disapproving, each application for enrollment to the Pala Band's Executive Committee (EC). The enrollment ordinance contained provisions for the Bureau of Indian Affairs (BIA) to review the EC's enrollment decisions, and for rejected applicants to appeal to the BIA and to the Secretary of the Interior (Secretary). Under the original enrollment ordinance, the Secretary's decision was deemed "final and conclusive."

In November 1994, the Pala Band began the process of adopting a constitution, which was approved by the Pala Band General Council in 1997 and by the BIA in 2000. Pursuant to its constitutional authority, the EC adopted a revised enrollment ordinance in 2009. The revised enrollment ordinance allows the EC to remove a member's name from the Pala Band's roll on a finding that an application misstated or omitted facts that may have made the applicant ineligible for enrollment. A rejected applicant has the right to appeal to the BIA's Pacific Regional Director, who is responsible for reviewing the EC's decision and making a recommendation to the EC to uphold or change its decision. However, under the revised enrollment ordinance, the EC has final authority over enrollment decisions.

6

In 2011, the Pala Band's EC determined that an ancestor of the children, M.B., who was born in 1856, had only one-half degree Pala Indian blood.[3]  The EC sent letters to M.B.'s descendents who no longer had the blood quantum required for membership in the Pala Band informing them that they were no longer members and that their rights to tribal benefits were terminated.  Many of the disenrolled descendants, including K.P. and Kristopher (collectively, Plaintiffs),[4] appealed the EC's decision to the BIA's Pacific Regional Director.  In June 2012, the regional director responded that it could not render any decisions regarding the EC's actions.  The regional director recommended that plaintiffs remain enrolled with the Pala Band because there was no evidence to support their disenrollment.  Plaintiffs appealed the regional director's decision within the Department of the Interior.  In June 2013, the Assistant Secretary of Indian Affairs affirmed the regional director's letters, stating that "the Department has no authority under Federal or tribal law to decide enrollment issues for the [Pala] Band."  The assistant secretary also concluded that the 1997 constitution is the governing document of

---

3       M.B. is identified on the Pala Band's November 1913 allotment roll as having "4/4 degree Pala Indian blood."  Previously, there had been inconsistent determinations as to the blood degree of M.B.'s descendents.  Until 1984, the BIA considered M.B. as a " 'halfblood' " in determining the blood degree of her descendents.  In resolving an appeal of one of M.B.'s descendents in 1989, the BIA concluded that M.B. was a " 'fullblood' " and " 'direct[ed] that the blood degree of her descendants be reviewed and corrected accordingly.' "

4       Michelle, who was not disenrolled, sued on behalf of her children.

the Pala Band and that any challenge to its validity is time-barred because the six-year statute of limitations had expired in 2006.[5]

Plaintiffs then filed a declaratory-relief action in the United States District Court, Southern District of California, challenging the decisions by the Pacific Regional Director and the Assistant Secretary of Indian Affairs.[6] The district court denied plaintiffs' requests for relief. Plaintiffs then appealed to the United States Court of Appeals for the Ninth Circuit.[7] During the pendency of the appeal, the Department of the Interior and plaintiffs entered into a stipulated agreement that the department would not alter plaintiff's membership status on the federal rolls for the Pala Band. The Pala Band is not a party to this stipulated agreement.

At the section 366.26 hearing, Michelle asked the juvenile court to maintain K.P.'s and Kristopher's status as Indian children within the meaning of ICWA. Michelle argued that the children were enrolled members of the Pala Band. She maintained that the BIA and the Department of the Interior had jurisdiction to resolve appeals in tribal enrollment

---

5     Plaintiffs argued that the revised enrollment ordinance is invalid because the Pala Band's constitution is invalid and, therefore, the initial enrollment ordinance, which vested final authority over the Pala Band's enrollment decisions with the BIA and the Secretary, applied.

6     We granted the appellant's request for judicial notice of the order denying the plaintiffs' motion for summary judgment and granting the Pala Band's cross-motion for summary judgment. (*Aguayo v. Jewell* (S.D.Cal., Nov. 18, 2014, No. 13-CV-1435-BAS) 2014 WL 6473111.)

7     As of November 10, 2015, the Ninth Circuit Court of Appeals has not issued an opinion in this appeal (the federal appeal). (See *Aguayo et al., v. Jewell et al.*, appeal filed Dec. 5, 2014.)

8

decisions if authorized by tribal governing documents, and that the Pala Band's initial enrollment ordinance gave such authority to the Secretary. Plaintiffs challenged the validity of the revised enrollment ordinance, which vested final authority of enrollment decisions in the Pala Band's EC. At the time of the 366.26 hearing, the issue of the validity of the revised enrollment ordinance was pending on appeal. The children remained on the federal rolls as members of the Pala Band. In view of the circumstances, Michelle asserted that the juvenile court should treat the children as Indian children during the dependency proceedings, and not terminate her parental rights.

The juvenile court stated:

> "This case involves an essence of the concept of sovereignty. There is no dispute that the Pala Band is a sovereign Indian nation. It is a separate political entity. They have their own governing documents. Under the law, they are to determine their enrollment. [¶] . . . [¶] [S]overeign acts . . . can be good; they can be ill-advised; they can be totally mistaken; and they can be completely arbitrary and controversial, but it is still the act of the sovereign. [¶] . . . [¶] And, here, the tribe, not a party to the lawsuit, has rendered an opinion, whether we agree with it or not, that the children are no longer considered Indian children by virtue of [its] calculation of blood quantum requirements. That is both a factual determination and a legal interpretation of their governing documents, particularly, the enrollment ordinances. [¶] And under either analysis, factual or legal, it would be an impermissible intrusion to second guess [the Pala Band] to counter what they have done."

The juvenile court determined that K.P. and Kristopher were not Indian children within the meaning of ICWA. Without applying ICWA's heightened substantive and procedural standards, the juvenile court found that there was clear and convincing evidence to show that the children were likely to be adopted within a reasonable time and terminated parental rights.

9

DISCUSSION

A

*Issues on Appeal*

Michelle argues that the Pala Band's disenrollment of the children is based on invalid Pala Band constitutional amendments, and that the juvenile court therefore erred when it terminated parental rights without complying with ICWA. She acknowledges that the Pala Band has the authority to determine its membership but argues that enrollment in a tribe is not required for status as an Indian child for ICWA purposes. Michelle maintains that the BIA is authorized to review the Pala Band's enrollment decisions. She further contends that the juvenile court did not receive written confirmation from the Pala Band that enrollment is a prerequisite for Pala Band membership under tribal law or custom, as required by section 224.3, subdivision (e)(1). Michelle argues that she was prejudiced by the juvenile court's failure to apply ICWA because under the ICWA, the Indian child exception under section 366.26, subdivision (c)(1)(B)(vi)[8] would have applied and she would have retained her parental rights.

---

[8] "The child is an Indian child and there is a compelling reason for determining that termination of parental rights would not be in the best interest of the child, including, but not limited to: [¶] (I) Termination of parental rights would substantially interfere with the child's connection to his or her tribal community or the child's tribal membership rights. [¶] (II) The child's tribe has identified guardianship, long-term foster care with a fit and willing relative, tribal customary adoption, or another planned permanent living arrangement for the child." (§ 366.26, subd. (c)(1)(B)(vi).)

10

B

*Legal Principles and Standard of Review*

"ICWA sets forth minimum substantive and procedural standards to protect the interests of Indian children, Indian families and Indian tribes." (*In re Jack C.* (2011) 192 Cal.App.4th 967, 977 (*Jack C.*).) "[E]xcept as may be specifically provided otherwise, the term-- [¶] (4) 'Indian child' means any unmarried person who is under age eighteen and is either (a) a member of a tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); § 224.1, subd. (a).) ICWA does not provide a statutory definition of the terms "member of a tribe" or "eligible for membership in an Indian tribe." (*Jack C.,* at pp. 978, 977.)

The United States Supreme Court has held that "a tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community." (*Santa Clara Pueblo v. Martinez* (1978) 436 U.S. 49, 72, fn. 32.) The California Legislature has codified this principle: "A determination by an Indian tribe that a child is or is not a member of or eligible for membership in that tribe, or testimony attesting to that status by a person authorized by the tribe to provide that determination, shall be conclusive." (§ 224.3, subd. (e)(1).) The recently revised Guidelines for State Courts and Agencies in Indian Custody Proceedings (Guidelines)[9] (80 Fed.Reg. 10146 et seq. (Feb. 25, 2015)) explain:

---

[9] "Although the Guidelines represent the BIA's interpretation of the ICWA and are not binding [citation], 'the construction of a statute by the executive department charged with its administration is entitled to great weight.' " (*In re Brandon T.* (2008) 164 Cal.App.4th 1400, 1412.)

"B.3. Who makes the determination as to whether a child is a member of a tribe? [¶] (a) Only the Indian tribe(s) of which it is believed a biological parent or the child is a member or eligible for membership may make the determination whether the child is a member of the tribe(s), is eligible for membership in the tribe(s), or whether a biological parent of the child is a member of the tribe(s). [¶] (b) The determination by a tribe of whether a child is a member, is eligible for membership, or whether a biological parent is or is not a member of that tribe, is solely within the jurisdiction and authority of the tribe. (c) No other entity or person may authoritatively make the determination of whether a child is a member of the tribe or is eligible for membership in the tribe. [¶] . . . [¶] (d) The State court may not substitute its own determination regarding a child's membership or eligibility for membership in a tribe or tribes." (Guidelines, § B.3.)

C

*The Juvenile Court Did Not Err When It Determined That the Children Are Not Indian Children*

Michelle acknowledges that both federal and state law vest with the Indian tribe the jurisdiction and authority to determine its own membership. We are not persuaded by her arguments that the juvenile court erred when it deferred to the tribe's conclusive determination that the children are not members of, and are not eligible for enrollment in, the Pala Band of Mission Indians.

Michelle argues that lack of enrollment in a tribe is not determinative of the child's membership in that tribe. (*D.B. v. Superior Court* (2009) 171 Cal.App.4th 197, 207-208 [while enrollment can be one means of determining membership, it is not the only means, nor is it determinative]; *Jack C., supra,* 192 Cal.App.4th at pp. 977-978; see § 224.3, subd. (e)(1) [unless the tribe confirms in writing that enrollment is a prerequisite for membership under tribal law or custom, information that the child is not enrolled or

12

eligible for enrollment in the tribe is not determinative of the child's membership status].)
However, this principle does not apply where, as here, the Indian tribe requires enrollment for membership by tribal law or custom. (*In re Jose C.* (2007) 155 Cal.App.4th 844, 849 [children did not meet federal definition of Indian child because enrollment was required under tribal law and neither the children nor their mother were enrolled in the tribe].) "Each Indian tribe has sole authority to determine its membership criteria, and to decide who meets those criteria. [Citation.] Formal membership requirements differ from tribe to tribe, as does each tribe's method of keeping track of its own membership." (*In re Santos Y.* (2001) 92 Cal.App.4th 1274, 1300 (*Santos Y.*).) "The only relevant factor is whether the tribe verifies that the child is a member or eligible for membership." (Guidelines, § B.3(c)(2).)

The record shows that enrollment is a prerequisite for membership in the Pala Band under tribal law or custom. The Pala Band adopted an enrollment ordinance in 1961. That ordinance provided that the EC would review each application for membership and submit all applications, whether approved or disapproved, to the BIA's regional director, who would then determine whether the applicant was eligible for enrollment. If qualified, the EC would enter the applicant's name on the membership roll of the Pala Band.

The Pala Band subsequently adopted a constitution that allowed the EC to amend its enrollment ordinance. The EC later amended its enrollment ordinance to vest final authority to make determinations of tribal membership in the EC. Thus the record supports the reasonable conclusion that enrollment is a prerequisite for membership in the

13

Pala Band. Further, the Guidelines provide that only the tribe may determine whether a child is a member of the tribe or eligible for membership in the tribe. (Guidelines, § B.3(c)(2).) The Pala Band has determined that the children are neither members of the tribe nor eligible for membership in the tribe.

Michelle argues that the juvenile court did not require the Pala Band to confirm in writing that enrollment is a prerequisite for membership in that tribe, as required by section 224.3, subdivision (e)(1). That section states that "[i]nformation that the child is not enrolled or eligible for enrollment in the tribe is not determinative of the child's membership status unless the tribe also confirms in writing that enrollment is a prerequisite for membership under tribal law or custom." (*Ibid.*)

Michelle has forfeited this argument on appeal by failing to raise it at the section 366.26 hearings. (*In re Dakota H*. (2005) 132 Cal.App.4th 212, 221-222 [party forfeits the right to claim error as grounds for reversal on appeal when she fails to raise the objection in the trial court].) Further, any error is harmless in view of the Pala Band's authority to determine the children's membership status, and its written notices to the juvenile court that the children are not enrolled members, and are not considered eligible for enrollment or reenrollment, with the Pala Band.

We are not persuaded by Michelle's argument that the Pala Band's membership decision does not control because the BIA reviews the tribe's enrollment decisions, and the children remain on the federal enrollment rolls for the Pala Band pending the federal appeal. "*In the absence of a contrary determination by the tribe*, a determination by the [BIA] that a child is or is not a member of or eligible for membership in that tribe is

14

conclusive." (§ 224.3, subd. (e)(2), italics added.) Here, the Pala Band *has* made a contrary determination about the children's Indian status. Under ICWA, the Department of the Interior's agreement to take no action to remove individuals from the federally-maintained roll of the Pala Band during the federal appeal is irrelevant to the children's state court dependency proceedings.

Michelle argues that the Pala Band's disenrollment of the children is based on invalid Pala Band constitutional amendments and, therefore, the Pala Band did not have the authority to disenroll the children or to find that they were not eligible for enrollment. In support of this argument, she repeats the arguments about the validity of the Pala Band's governing documents that have been rejected by the BIA's Pacific Regional Director, the Assistant Secretary of Indian Affairs, and the United States District Court. The United States Constitution provides that Congress has plenary power over Indian affairs. (*Santos Y.*, *supra*, 92 Cal.App.4th at p. 1299, fn. 13; 25 U.S.C. § 1901; see U.S. Const., art. I, § 8, cl. 3.)

Congress has given Indian tribes concurrent jurisdiction over state court child custody proceedings that involve Indian children living off of a reservation. (*In re W.B.* (2012) 55 Cal.4th 30, 48.) "When applicable, ICWA imposes three types of requirements[ on the state court]: notice, procedural rules, and enforcement." (*Ibid.*) Those requirements are limited in scope. (*Id.* at pp. 48-49.) Congress did not grant jurisdiction or authority to state courts determining child custody to review the validity of internal governing documents of Indian tribes, or the tribe's enrollment procedures. (See 25 U.S.C. § 1901 et seq.) Michelle has not provided any authority that would support her

15

argument that a juvenile court may determine whether a tribe's adoption of a constitution is valid. The juvenile court correctly recognized that an Indian tribe's process of adopting a constitution and revising its enrollment ordinance "is completely immune from this [c]ourt's involvement."

Deferring to the tribe, the juvenile court ruled that the children are not Indian children within the meaning of ICWA. In so ruling, the juvenile court adhered to the law. A state court may not substitute its own determination for that of the tribe regarding a child's membership or eligibility for membership in a tribe. (Guidelines, § B.3(a) & (b).) The Pala Band of Mission Indians has determined that the children are not members of, nor eligible for membership in, the tribe. This determination is conclusive in state court custody proceedings. (§ 224.3, subd. (e)(1).)

## DISPOSITION

The orders terminating parental rights are affirmed.

AARON, J.

WE CONCUR:

NARES, Acting P. J.

HALLER, J.

16

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re K.P. et al., Persons Coming Under the Juvenile Court Law. | D067797 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. No. NJ10159K-L) |
| Plaintiff and Respondent, | |
| v. | |
| MICHELLE T., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant. | |

THE COURT:

The opinion in this case filed November 10, 2015, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

NARES, Acting P. J.

Copies to:  All parties